| | |
|---|---|
| Case No. | **CV 18-0169 FMO (ASx)** |
| Title | **Derrell Smith v. Wal-Mart Stores, Inc., et al.** |

| | | | |
|---|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
| Vanessa Figueroa | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On January 9, 2017, Derrell Smith ("plaintiff") filed a complaint ("State Complaint") in the Los Angeles County Superior Court ("state court") against Wal-Mart Stores, Inc., Wal-Mart Associates, Inc. (collectively, "Wal-Mart") and Yolanda Gonzalez ("Gonzalez"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 7; Dkt. 1-1, State Complaint). Among other claims, plaintiff asserted a claim for defamation against Wal-Mart and Gonzalez (collectively, "defendants"). (See Dkt. 1-1, State Complaint at ¶¶ 89-95). Nearly a year later, on January 8, 2018, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). (See Dkt. 1, NOR at ¶¶ 6, 70). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0169 FMO (ASx) | Date | **January 30, 2018** |
|---|---|---|---|
| Title | **Derrell Smith v. Wal-Mart Stores, Inc.,** et al. | | |

doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached State Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[2] In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties and the amount in controversy must exceed the jurisdictional threshold of $75,000. See 28 U.S.C. § 1332(a) (providing that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state").

With respect to diversity of the parties, plaintiff appears to be citizen of California. (See Dkt. 1-1, State Complaint at ¶ 5; Dkt. 1, NOR at ¶ 2). Wal-Mart has shown that it is a citizen of Arkansas and Delaware. (See Dkt. 1, NOR at ¶ 3). But as defendants appear to concede, Gonzalez is a citizen of California. (See id. at ¶ 4). Thus, complete diversity does not exist. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant") (footnote omitted).

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

[2] Defendants seek only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0169 FMO (ASx) | Date | January 30, 2018 |
|---|---|---|---|
| Title | Derrell Smith v. Wal-Mart Stores, Inc., et al. | | |

Defendants, however, contend that Gonzalez is a "sham defendant" who has been fraudulently joined to destroy diversity of citizenship. (See Dkt. 1, NOR at ¶¶ 4, 25-48). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotations omitted). However, "[i]t is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendants must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see Weeping Hollow Avenue Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) ("[T]he party invoking federal court jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against fraudulent joinder.") (internal quotation marks omitted); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).

Here, defendants fail to meet their heavy burden of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Gonzalez. As an initial matter, the court notes that plaintiff filed his complaint almost a year before defendants removed the action, and at this late stage of the litigation, Gonzalez remains a party. (See Dkt. 1, NOR at ¶ 7). Moreover, it appears that Gonzalez did not file a demurrer in state court. (See, generally, Dkt. 1, NOR). Finally, even assuming Gonzalez has valid defenses to plaintiff's defamation claim, that is insufficient to declare her a sham defendant. See Gebran v. Wells Fargo Bank, N.A., 2016 WL 7471292, *5 (C.D. Cal. 2016) (explaining that a court must look at whether plaintiff has a cause of action against an alleged defendant "rather than inquire whether [the] defendant[] could propound defenses to an otherwise valid cause of action"); see also Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."). As such, defendants cannot show that it is "obvious according to the well-settled rules of [California]" that plaintiff has not stated a claim against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0169 FMO (ASx)** | Date | **January 30, 2018** |
|---|---|---|---|
| Title | **Derrell Smith v. Wal-Mart Stores, Inc., et al.** | | |

Gonzalez.[3] See United Computer Sys., Inc., 298 F.3d at 761; Allen, 784 F.3d at 634 ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of showing that Gonzalez was fraudulently joined. Because Gonzalez appears to be a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[3] Given this determination, the court does not address the amount in controversy requirement.